```
               UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

**JAMES PATRICK THOMAS**                                           **PLAINTIFF**

v.                        Civil No.: 09-5177

**SHERIFF KEITH FERGUSON ET AL.**                                **DEFENDANTS**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

JAMES PATRICK THOMAS (Plaintiff) filed this case pro se and *in forma pauperis* on August 31, 2009, under 42 U.S.C. § 1983. (Doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Chief Judge Jimm Larry Hendren. For the following reasons, it is the recommendation of the undersigned that Defendant Fife be dismissed from this action.

**I.   BACKGROUND**

Plaintiff filed his Complaint, alleging denial of medical care and unconstitutional conditions of confinement. Defendant Fife was named as a defendant in that action, however on December 3, 2010, the summons for Defendant Fife was returned unexecuted. (Doc. 10). Service was attempted on Defendant Fife through the Benton County Detention Center, but the United States Marshal's Service returned the summons stating that Fife was "not employed at Benton County" and had "no history of employment" there. (Id.)

No facts in the Complaint specifically relate to this

Defendant, nor has Plaintiff provided any physical or occupational description of Defendant Fife.  On December 6, 2010, Plaintiff was directed to file a "Motion for Service," which stated the full name of Defendant Fife, or have this Defendant subject to dismissal. (Doc. 11).  Plaintiff did not file any motion for service in response to the Court's order.

## II.  APPLICABLE LAW

For a defendant to be held liable under § 1983, he or she must have personally participated in, or had some responsibility for, the particular act which deprived the plaintiff of a constitutionally protected right. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell, 909 F.2d at 1208 (citing Rizzo v. Goode, 423 U.S. 362, 370-71, 375-77 (1976); Cotton v. Hutto, 577 F.2d 453, 455 (8th Cir. 1978) (per curiam)).  See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir.2001) (plaintiff failed to allege sufficient personal involvement by any defendant to support a claim); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

"Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the

defendant except for his name appearing in the caption, the complaint is properly dismissed." <u>Potter v. Clark</u>, 497 F.2d 1206, 1207 (7th Cir. 1974).

### III.  DISCUSSION

In this case, Plaintiff has named a defendant in the caption of his case – Defendant Fife - but has alleged no facts against this individual.  Moreover, Plaintiff has not identified this individual when given the opportunity to do so by the court. Plaintiff has provided no physical or occupational description for the Court to utilize in requesting the assistance of Defendants to properly name this defendant.  Defendants have already stated, through the attempted service of summons, that no employee is known by this name.  (Doc. 10).

Thus, Plaintiff's failure to allege a single fact in support of a claim against Defendant Fife, and his failure to provide any additional information to aid in properly identifying this Defendant causes this court to determine that Defendant Fife should be dismissed as a Defendant in this case.  However, the dismissal should be without prejudice, as Plaintiff may obtain the correct identity of this defendant through discovery.

### IV.  CONCLUSION

Accordingly, I recommend Defendant Fife be dismissed, without prejudice, as a party to the above-styled case.

**The Plaintiff has fourteen (14) days from receipt of this**

**report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    **DATED this 18th day of March 2011.**

                                               /s/ *Erin L. Setser*
                                               HON. ERIN L. SETSER
                                               U.S. MAGISTRATE JUDGE