```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**JAMES PATRICK THOMAS**                                            **PLAINTIFF**

v.                        Civil No.: 09-5177

**SHERIFF KEITH FERGUSON ET AL.**                                   **DEFENDANTS**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff instituted this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case was referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Complaint (Doc. 1), be **DISMISSED with prejudice** for failure to prosecute this action and for failure to obey an Order of the Court.

### I.   BACKGROUND

On April 18, 2011, this Court issued a Scheduling Order (Doc. 25), setting an evidentiary hearing on September 14, 2011, and directing the parties to file their pre-hearing materials for the evidentiary hearing thirty days prior to the hearing, or August 15, 2011.

On June 9, 2011, the Court was notified by the Southwest Arkansas Community Correctional Facility, Plaintiff's residence of record, that Plaintiff was scheduled to be released on August 5, 2011. On or around August 1, 2011, the Court sent Plaintiff a

letter reminding him of the hearing deadlines in this case and reminding him of the importance to maintain a current address in this case upon his release.  No mail has been returned to the Court.  However, Plaintiff has also not submitted any change of address since the purported date of his release, nor has he filed his required prehearing information.

On August 22, 2011, having not received the prehearing filing from Plaintiff, the Court entered an Order to Show Cause to Plaintiff, giving him until and including September 1, 2011, to respond to the Order to Show Cause and confirm his intent to pursue this litigation.  (Doc. 32).  The Court also cautioned in the Order to Show Cause that failure to respond may cause Plaintiff's case to be dismissed with prejudice for failure to prosecute and failure to follow a Court Order.  (Id.)  Again, no mail was returned to the Court, and the Court received no response to the Order to Show Cause from Plaintiff.

**II.  APPLICABLE LAW**

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley

v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. DISCUSSION

Plaintiff was given until August 15, 2011 to file his pre-hearing materials with the Court. (Doc. 25). When Plaintiff's materials were not timely, this Court entered an Order to Show Cause, giving Plaintiff until September 1, 2011, for response. Plaintiff did not seek additional time beyond the August 15, 2011 deadline, or the September 1, 2011 deadline. Moreover, the Court has received no returned mail or other indication Plaintiff did not receive a copy of the Scheduling Order, letter reminding Plaintiff of his obligations to the Court, or of the Order to Show Cause. Plaintiff clearly has had sufficient time and notice to respond to the Court.

Without Plaintiff's pre-hearing materials, the Court is unable to issue writs or subpoenas on Plaintiff's behalf for witness testimony at the evidentiary hearing. Moreover, Plaintiff was

-3-

given adequate warning of the consequences of the failure to respond and prosecute this action. Accordingly, this case should be dismissed for failure to follow a Court Order and failure to prosecute.

**IV.   CONCLUSION**

For the forgoing reasons I recommend the above-styled case be **DISMISSED for failure to prosecute and failure to follow a Court Order.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 6th day of September 2011.**

              /s/ Erin L.  Setser
              HON.  ERIN L.  SETSER
              U.S.   MAGISTRATE   JUDGE